UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ECLINICAL SOLUTIONS, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 19-cv-10540-ADB |
| | * | |
| CLINICAL PROFESSIONALS, INC., | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Attorneys Jonathan Persky and John MacDonald, and the law firm of Constangy, Brooks, Smith & Prophete LLP ("Constangy," and, collectively with Persky and MacDonald, "Defense Counsel"), have moved for leave to withdraw from their representation of Defendant Clinical Professionals, Inc. ("CPI"). [ECF No. 35]. Plaintiff eClinical Solutions ("eClinical") does not oppose the request. [Id. at 1]. For the reasons stated herein, the motion to withdraw, [ECF No. 35], is GRANTED.

**I.      BACKGROUND**

CPI, which provides project management support to pharmaceutical companies pursuing clinical trials, entered into an agreement with eClinical for professional services and licensing fees. [ECF No. 36 at 2]. On March 21, 2019, eClinical filed this action, alleging that CPI had failed to pay eClinical for its services. [ECF No. 1]. On October 31, 2019, the Court entered judgment for eClinical, with the consent of the parties, in the amount of $132,189.26. [ECF No. 28]. On December 5, 2019, during a mediation before Judge Harrington, the parties reached an agreement regarding the schedule of payments. [ECF No. 34].

CPI has failed to make installment payments in accordance with the settlement agreement. [ECF No. 37 ("Persky Dec.") ¶ 6]. eClinical has commenced post-judgment discovery against CPI, including noticing depositions and issuing requests for production of documents. [Id. ¶ 7]. A rule 30(b)(6) deposition of CPI was noticed for July 16, 2020, and CPI's former Chief Operating Officer, Eric Richardson ("Richardson"), was scheduled to be deposed on July 17, 2020. [Id.; ECF No. 37-1].

From the filing of the case until February 2020, Defense Counsel received authority from and reported to Richardson and the company's Vice President of Business Development, Sandra Mockoviak, both of whom were present at the mediation. [ECF No. 36 at 2; Persky Dec. ¶ 5]. In addition to being CPI's Vice President, Sandra Mockoviak and her husband Robert Mockoviak (collectively, the "Mockoviaks") are the company's majority shareholders.

Defense Counsel has recently learned that Richardson was replaced as CPI's sole director. [ECF No. 37-3 at 2]. The Mockoviaks allege that George Souri ("Souri"), acting in accordance with an alleged written consent agreement, replaced Richardson as sole director. [Id.]. In a filing by the Mockoviaks against Souri, the Mockoviaks represent that Souri "managed to destroy CPI within 30 days" of becoming the sole director. [ECF No. 37-2 ¶ 80]. Souri then attempted to revert control of the "now essentially defunct CPI" back to the Mockoviaks. [Persky Dec. ¶ 11; ECF No. 37-2 ¶ 81]. The Mockoviaks filed a voluntary petition for Chapter 11 bankruptcy in the Southern District of Florida. [ECF No. 36 at 2]. CPI's operating account has since been frozen. [ECF No. 36 at 3; ECF No. 37-2 ¶ 87, 92].

Defense Counsel reached out to counsel for Souri, as well as counsel for the Mockoviaks, both of whom maintained that their clients were not currently directors, officers, or employees of

CPI.  [Persky Dec. ¶¶ 13–15].  CPI currently owes Defense Counsel $10,104.36 for legal services related to this case.  [Persky Dec. ¶ 16].

Defense Counsel served the motion on the Mockoviaks, Souri, and CPI at its last known business address, in compliance with Local Rule 83.5.2(d).  [Persky Dec. ¶ 19].  Additionally, the Court held a hearing on August 6, 2020.  [ECF No. 39].  Although Defense Counsel provided notice of the hearing to both the Mockoviaks and Souri, neither participated in the call.  [Id.].

## II.     DISCUSSION

Under Local Rule 83.5.2, "an attorney may seek leave of court to withdraw his or her appearance for good cause shown," where there is no preceding or accompanying appearance of successor counsel.  "An attorney's motion to permissively withdraw 'is a matter addressed to the discretion of the trial court.'"  Hayes v. CRGE Foxborough, LLC, No. 13-cv-12014-DJC, 2013 WL 10777847, at *2 (D. Mass. Aug. 21, 2013) (quoting Andrews v. Bechtel Power Corp., 780 F.2d 124, 135 (1st Cir. 1985)).  "In considering a motion to withdraw, a court may consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to the litigants; (3) the delay in the resolution of the case which would result from withdrawal; and (4) the effect of withdrawal in the efficient administration of justice."  Id. at *1.  Because "[c]orporations are unable to appear pro se," the Court should also consider the potential adverse consequences to an unrepresented corporate party.  See Met. Prop. & Cas. Ins. Co. v. Savin Hill Family Chiropractic, Inc., No. 15-cv-12939, 2018 WL 4870903, at *2 (D. Mass. Aug. 17, 2018).

Here, it appears that CPI does not have any directors or officers and is no longer being operated, as no one has asserted management powers over CPI.  Defense Counsel is therefore ostensibly without a client.  Further, it appears unlikely, given the posture of the case, that Defense Counsel will ever be reimbursed for time they have already spent on this case.  Finally,

the Court notes that judgment has already been entered in this case, [ECF No. 28], and the parties have agreed to a schedule of installment payments in satisfaction of that judgment, [ECF No. 34].  Therefore, CPI will not be unduly prejudiced by Defense Counsel's withdrawal, as the only issue remaining is eClinical's post-judgment discovery.

Because CPI is without a client representative to whom Defense Counsel could report, has not paid Defense Counsel for its representation, and will not be overly prejudiced given the posture of the case, the motion to withdraw is GRANTED.  See, e.g., Met. Prop. & Cas. Ins. Co., 2018 WL 4870903, at *2 (granting a motion to withdraw because "the Defendants ha[d] substantially failed to fulfill their obligations to pay [defense counsel] for its services" and "it d[id] not appear that the Defendants w[ould] be able to secure the resources necessary to continue to pay"); Bucceri v. Cumberland Farms, Inc., No. 15-cv-13955-IT, 2017 WL 4411033, at *1 (D. Mass. Oct. 4, 2017) (withdrawal allowed where evidence suggested that client had "failed to communicate with her counsel for over six months" and counsel was therefore "unable to represent [the client's] interests").

**SO ORDERED.**

August 7, 2020                                                               /s/ Allison D. Burroughs
                                                                             ALLISON D. BURROUGHS
                                                                             U.S. DISTRICT JUDGE